JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

15-cv-6514

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Mark Walker

**DEFENDANTS**
Philadelphia Presbytery Homes, Inc.
Philadelphia Homes and Services for the Aging
Presby's Inspired Life

(b) County of Residence of First Listed Plaintiff: **Philadelphia**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Bruce Preissman, Esq.
1032 Mill Creek Drive, Suite 204, Feasterville, PA 19053
215-322-6990

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | | | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
Title VII of the Civil Rights Act of 1964, as amended; 42. U.S.C. §1981
Brief description of cause:
Employment discrimination

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint.
**JURY DEMAND:** ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE 12/8/15
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

DEC -9 2015

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: __4319 N. Franklin Street, Philadelphia, PA 19140__

Address of Defendant: __2000 Joshua Road, Lafayette Hills, PA 19444__

Place of Accident, Incident or Transaction: __see attached sheet__
*(Use Reverse Side For Additional Space)*

**15    6514**

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐  No☐

Does this case involve multidistrict litigation possibilities?     Yes☐  No☒

RELATED CASE, IF ANY:

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _____   _____   _____
                        Attorney-at-Law                    Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __12/8/15__   _____   __69996__
                    Attorney-at-Law                   Attorney I.D.#

CIV. 609 (5/2012)

DEC -9 2015

Presby's Inspired Life
2000 Joshua Road
Lafayette Hill, PA 19444

Rosemont Community
404 Cheswick Place
Rosemont, PA 19010

Rydal Park
1515 The Fairway
Rydal, PA 19046

Broomall Community
146 Marple Road
Broomall, PA 19008

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Mark Walker :  CIVIL ACTION
v. :
Philadelphia Presbytery Homes, Inc., et al.   NO. **15  6514**

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

12/8/15              plaintiff
Date         Attorney-at-law   Attorney for

215-322-6990   215-322-2710   bplegal@aol.com
Telephone      FAX Number     E-Mail Address

(Civ. 660) 10/02

DEC -9 2015

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK WALKER<br>4319 N. Franklin Street<br>Philadelphia, PA 19140<br>Plaintiff, | : CIVIL TRIAL DIVISION<br>:<br>:<br>: JURY TRIAL DEMANDED |
| vs. | : NO. |
| PHILADELPHIA PRESBYTERY HOMES, INC.<br>individually and/or t/a PRESBY'S INSPIRED LIFE<br>2000 Joshua Road<br>Lafayette Hills, PA 19444<br>    and<br>PHILADELPHIA HOMES AND SERVICES<br>FOR THE AGING, individually and/or t/a<br>PRESBY'S INSPIRED LIFE<br>2000 Joshua Road<br>Lafayette Hills, PA 19444<br>    and<br>PRESBY'S INSPIRED LIFE<br>2000 Joshua Road<br>Lafayette Hills, PA 19444<br>Defendants | :<br>:<br>:<br>: 15  6514<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## CIVIL ACTION COMPLAINT

### PARTIES

1. Plaintiff, Mark Walker, is an adult individual residing at 4319 N. Franklin Street, Philadelphia, PA 19140. Plaintiff is an African American male.

2. Defendant, Philadelphia Presbytery Homes, Inc., is a corporation or other entity trading individually and/or as Presby's Inspired Life that maintains its principal place of business at 2000 Joshua Road, Lafayette Hills, PA 19444.

3. Defendant, Philadelphia Homes And Services For The Aging, Inc., is a corporation or other entity trading individually and/or as Presby's Inspired Life that maintains its principal place of business at 2000 Joshua Road, Lafayette Hills, PA 19444.

4. Defendant, Presby's Inspired Life is a fictitious name or other entity owned by Philadelphia Homes And Services For The Aging, Inc., and/or Philadelphia Presbytery Homes, Inc. that maintains its principal place of business at 2000 Joshua Road, Lafayette Hills, PA 19444

## JURISDICTION

5. This Court has jurisdiction over this matter pursuant to the 42 U.S.C. §1981 et seq.; Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. (hereinafter "Title VII"); 42 U.S.C. §1981a, and, 42 U.S.C. §1988. This Court also has jurisdiction of the claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1343.

6. This Court also has pendent and supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. §1367. These claims are brought pursuant to the Pennsylvania Human Relations Act, 43 P.S. §951 et seq. (hereinafter "PHRA").

## VENUE

7. Defendant transacts business and is found in this district.

## FACTUAL BACKGROUND

8. Plaintiff began working for defendant(s) as a temporary internal HRIS Analyst on July 21, 2014. My temporary employment was scheduled to last ten weeks.

9. During plaintiff's employment he worked at four different locations, including, Presby's Inspired Life/Spring Mill Presbyterian Village, Broomall Presbyterian Village, Rosemont Presbyterian Village and Rydal Park.

10. In August 2014 plaintiff noticed that full-time and part-time job opportunities were available.

11. There were two openings in particular for which plaintiff was well qualified that were located at the Broomall location, Central Supply Coordinator and Admissions Liaison Assistant.

12. Plaintiff told Marina Hacking (Caucasian female) [Facility Administrator at Rosemont and Acting Facility Administrator during Rachel DeCecco's (Caucasian female) absence at Broomall] that he was interested in the Central Supply Coordinator position.

13. Hacking stated plaintiff would "be a better fit for the Admissions Liaison Assistant position" due to his "wonderful customer service skills."

14. On September 15, 2014 plaintiff formally applied for the Admission Liaison Assistant position at Broomall.

15. On September 19, 2014 plaintiff applied for the Central Supply Coordinator position at Broomall.

16. DeCecco officially returned to her position as Facility Administrator of Broomall on or about September 15, 2015.

17. Plaintiff was not interviewed for either position.

18. Instead, plaintiff's temporary employment ended on September 26, 2014 without an offer of permanent employment.

19. Plaintiff found out a few weeks later that the Admission Liaison Assistant position was offered to a white female.

20. At all times material hereto defendants were acting by and through their duly appointed employees, agents, servants and/or workmen who were acting within the course and scope of said agency and/or employment relationship with the express and/or implied permission of the defendants.

21. Plaintiff received a "Right to Sue" letter on or about October 2, 2015. (*See,* letter from EEOC dated September 29, 2015 attached hereto as Exhibit "A" indicating that the filing of this civil action is proper at this time.)

## COUNT - I
## PLAINTIFF v. DEFENDANTS
## PLAINTIFF'S CLAIMS UNDER TITLE VII

22. Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1 through 20 inclusive as fully as though the same were herein set forth at length.

23. Defendants' conduct, as outlined above, including, but not limited to, failing to interview plaintiff for and/or offering plaintiff the Admission Liaison Assistant position constitutes unlawful race and/or gender discrimination in violation of Title VII of the Civil Rights Act of 1964 as amended.

24. As a direct result of defendants' unlawful and wrongful conduct, plaintiff has suffered substantial economic harm including, *inter alia*, lost wages and benefits.

25. In addition, defendants' discriminatory conduct has caused plaintiff significant emotional distress.

26. Further, said discrimination was with willful, intentional, outrageous, and/or in flagrant disregard of Title VII of the Civil Rights Act of 1964 thereby entitling plaintiff to punitive damages.

### COUNT - II
### PLAINTIFF v. DEFENDANTS
### PLAINTIFF'S CLAIMS UNDER 42 U.S.C. § 1981 et seq.

27. Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1 through 26 inclusive as fully as though the same were herein set forth at length.

28. Defendants' conduct, as outlined above, including, but not limited to, failing to interview plaintiff for and/or offering plaintiff the Admission Liaison Assistant position constitutes unlawful race discrimination in violation of 42 U.S.C. §1981 et seq.

29. As a direct result of defendants' unlawful and wrongful conduct, plaintiff has suffered substantial economic harm including, *inter alia*, lost wages and benefits.

30. In addition, defendants' discriminatory conduct has caused plaintiff significant emotional distress.

31. Further, said discrimination was with willful, intentional, outrageous, and/or in flagrant disregard of 42 U.S.C. §1981 et seq. thereby entitling plaintiff to punitive damages.

## COUNT - III
## PLAINTIFF v. DEFENDANTS
## PLAINTIFF'S CLAIMS UNDER THE PHRA

32. Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1 through 31 inclusive as fully as though the same were herein set forth at length.

33. Defendants' conduct, as outlined above, including, but not limited to, failing to interview plaintiff for and/or offering plaintiff the Admission Liaison Assistant position constitutes unlawful race and/or gender discrimination in violation of the PHRA.

34. As a direct result of defendant's wrongful conduct plaintiff has suffered substantial economic harm including, inter alia, lost wages and benefits.

35. In addition, defendant's unlawful conduct has caused plaintiff emotional distress.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks damages to the extent that he has been harmed by defendants' unlawful conduct and specifically prays that the Court grant the following relief:

A. Enter an Order compelling defendants to reinstate/hire plaintiff to the position of Admission Liaison Assistant with all accrued seniority and benefits so as to put plaintiff in the same position as though he was never discharged/denied employment;

B.  Award to plaintiff back salary, wages, fringe benefits, front pay, and other allowable compensatory damages, together with prejudgment interest pursuant to the 42 U.S.C. § 1981 et. seq., Title VII and/or the PHRA;

C.  Award to plaintiff punitive damages pursuant to 42 U.S.C. § 1981 et. seq., and/or Title VII;

D.  Award to plaintiff and his counsel attorney's fees, costs and disbursements pursuant to 42 U.S.C. § 1981 et. seq., Title VII and/or the PHRA; and,

E.  Any other relief that this Court deems appropriate.

## JURY DEMAND

Plaintiff demands trial by jury of all issues so triable.

Respectfully Submitted,

By: _____
Bruce Preissman
I.D.# 69996
1032 Mill Creek Drive, Suite 204
Feasterville, PA  19053
(215) 322-6990
Attorney for Plaintiff

## VERIFICATION

I, MARK WALKER, Plaintiff in this action, verify that the statements made in the foregoing pleading are true and correct to the best of my knowledge, information and belief.

I understand that false statements therein are made subject to the penalties of 18 PA C.S. § 4904, relating to unsworn falsification to authorities.

_[signature]_

Date: 11-20-15

EEOC Form 161 (11/09)          **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Mark T. Walker<br>4319 N. Franklin Street<br>Philadelphia, PA 19140 | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2015-01212 | Legal Unit,<br>Legal Technician | (215) 440-2828 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____          9-29-15
Spencer H. Lewis, Jr.,                     *(Date Mailed)*
District Director

Enclosures(s)

cc:  Glenn R. Davis, Esq.                  Bruce Preissman
     LATSHA DAVIS                          LAW OFFICES OF BRUCE PREISSMAN
     1700 Bent Creek Boulevard, Suite 140  1032 Mill Creek Drive, Suite 204
     Mechanicsburg, PA 17050               Feasterville Trevose, PA 19053

Exhibit "A"